**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

MARITZA HALES, an individual, on behalf
of herself and all others similarly situated,

       Plaintiff,

vs.                                   **COMPLAINT- CLASS ACTION**

CONCORD SERVICING CORPORATION,
an Arizona corporation,

       Defendant.
_____/

**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF**

Plaintiff, Maritza Hales, an individual, on behalf of herself and all others similarly situated sues Defendant, Concord Servicing Corporation, an Arizona corporation, and alleges:

**I.   PRELIMINARY STATEMENT**

1. This is an action brought pursuant to 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**II.   JURISDICTION**

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

**III.   ALLEGATIONS AS TO PARTIES**

3. Plaintiff, Maritza Hales ("Ms. Hales"), is *sui juris* and a resident of Broward

1

County, Florida.

4. At all times material hereto, Defendant, Concord Servicing Corporation ("Debt Collector"), was an Arizona corporation doing business in Broward County, Florida.

5. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in Broward County, Florida.

## IV.   FACTUAL ALLEGATIONS

6. On January 23, 2018, Ms. Hales entered into a Home Improvement Contract with Green NRG Inc. d/b/a "Solar World" ("Solar World") for the installation of roof solar panels on her home located at 110 Marion Road, West Park, Florida 33003 ("Hales Residence").

7. To finance the solar panels, Solar World created a purported loan ("Solar Panel Loan") in the name of Ms. Hales with a third-party lender, Mosaic Solar, Inc. ("Mosaic Solar").

8. As a result of fraudulent sales practices of Solar World with respect to the solar panel sales, financing and installation at the Hales Residence, Ms. Hales has refused to pay any money claimed by Mosaic Solar.

9. On or about May 22, 2019, Defendant sent or caused to be sent to Ms. Hales written correspondence, known more commonly in the collection industry as a "dunning letter" for the purpose of collecting monies owed by Ms. Hales under the Solar Panel Loan ("Collection Communication").

10. A true and correct copy of the Collection Communication is attached hereto and incorporated by reference as Exhibit "A."

11. Defendant through the Collection Communication stated, *inter alia*, as follows:

2

>Please note that Concord Servicing Corporation ("Concord") is acting as the loan servicer and debt collector for Mosaic concerning the above referenced loan. Unless you notify this office **in writing** within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days of receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment against you and mail you a copy of such judgment or verification. If you send a written request to this office within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(emphasis added by Plaintiff)

## V.    PRACTICES OF DEFENDANTS

12.    It is or was the policy and practice of Defendant to send collection letters in the form of Exhibit "A" to consumers in a manner which was reasonably calculated to confuse or frustrate consumers with respect to advising consumers as to the right of consumers with respect to the validation of consumer debts under 15 U.S.C. §1692g and in a manner which is false and misleading in violation of 15 U.S.C. §1692e and e (10).

## VI.    CLASS ACTION ALLEGATIONS

13.    This action is brought on behalf of a class consisting of: (i) all persons with addresses in the Southern District of Florida (ii) to whom letters in the same or substantially similar form as Exhibit "A" were sent (iii) which stated that disputes by consumers must be in writing (iv) in an attempt to collect a debt which, according to the nature of the creditor or the debt, or the records of the creditor or defendants, was incurred for personal, family, or household purposes (v) which were not returned undelivered by the U.S. Post Office (vi) during the one year period prior to the filing of the complaint in this action.

14. Plaintiff alleges on information and belief based on the Defendant's use of letters in the form of Exhibit "A" that the class is so numerous that joinder of all members is impractical. Based on Defendant's use of letters in the form of Exhibit "A," Plaintiff estimates that the class includes hundreds or thousands of class members.

15. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual issue common to each class member is that each was sent a letter in the form of Exhibit "A." The principal legal issues are whether Defendant's letters in the form of Exhibit "A" violate the FDCPA by failing to properly inform the consumer with respect to the consumer's rights for debt verification under 15 U.S.C. §1692g.

16. Ms. Hales's claim is typical of those of the class members. All are based on the same facts and legal theories.

17. Ms. Hales will fairly and adequately protect the interests of the class. She has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them to not vigorously pursue this action.

18. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

    (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Certification of a class under Rule 23(b)(2), Federal Rules of Civil Procedure, is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

20. Ms. Hales requests certification of a hybrid class under Rule 23(b)(3), Federal Rules of Civil Procedure, for monetary damages and under Rule 23(b)(2), Federal Rules of Civil Procedure, for equitable relief.

## VII.   ALLEGATIONS OF LAW

21. At all times material hereto, Ms. Hales was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

22. At all times material hereto, Solar Mosaic, Inc. was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

23. At all times material hereto, the Solar Panel Loan was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

24. At all times material hereto, Defendant was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

25. 15 U.S.C. §1692g(a) provides, in pertinent part, the following:

Notice of Debts; Contents

Within five days after the initial communication from the consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer written notice containing:

(1)   The amount of the debt;

(2)   The name of the creditor to whom the debt is owed;

> (3)   A statement that unless the consumer, within thirty days after receiving the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4)   A statement that if the consumer notifies the debt collector in writing within the thirty day period, the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5)   A statement that upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

26.   The Collection Communication falsely and misleading states that disputes of the validity of debts had to be in writing when no such requirement is contained in the FDCPA.

27.   The conduct of Defendant violated 15 U.S.C. §1692g by the failure of Defendant to properly inform the consumer as to the consumer's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. *See, Ricco v. Sentry Credit, Inc.*, 954 F.3rd 582 (3rd Cir. 2020); *Camacho v. Bridgeport Financial*, 430 F. 3rd 1078 (9th Cir. 2005); *Baez v. Warner & Hunt, P.A.*, 442 F. Supp. 2nd 1273 (S.D. Fla. 2006).

28.   As the Collection Communication falsely communicated the rights of consumers to dispute debts, Defendant violated 15 U.S.C. §1692e and e(10).

29.    As a result of Defendant's conduct, Plaintiff and the class have suffered a concrete and legally cognizable injury by not receiving the disclosures mandated by Congress under the FDCPA. Plaintiff and the class are entitled to an award of statutory damages pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff, Maritza Hales, an individual, requests judgment be entered in her

favor and in favor of the class against Defendant, Concord Servicing Corporation, an Arizona corporation, for:

    A.    Statutory damages pursuant to 15 U.S.C. §1692k;

    B.    An award of costs and attorney's fees pursuant to 15 U.S.C. §1692k; and

    C.    Such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Maritza Hales, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

*/s/ Robert W. Murphy*
ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Fort Lauderdale, Florida 33316
(954) 763-8660 Telephone
(954) 763-8607 Fax
Email:
rwmurphy@lawfirmmurphy.com
*Counsel for Plaintiff*